[No. C053576. Third Dist. Nov. 7, 2007.]

In re ANTHONY M., A Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY M., Defendant and Appellant.

---

## COUNSEL

Robert F. Kane, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Ward A. Campbell and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

---

## OPINION

**BLEASE, Acting P. J.**—This case raises the question whether victim restitution for medical expenses under Welfare and Institutions Code section 730.6[1] is based upon the amount charged by the medical provider or the amount actually paid by Medi-Cal when the provider is precluded from seeking the unpaid balance from the victim.

The juvenile court ordered the minor to pay $1,056,600.90 in victim restitution for medical expenses after he admitted he shot his friend in the head while playing with a loaded gun. The juvenile court determined the amount of the medical expenses based upon the amount billed by the victim's health care provider, although at the time of the restitution hearing, Medi-Cal had only made a partial payment to the provider of $86,394.56 and it was undisputed the total amount to be paid by Medi-Cal would be considerably less than the amount billed by the provider.

On appeal, the minor contends the juvenile court erred by ordering victim restitution for medical expenses based upon the amount billed rather than the amount actually paid.[2]

---

[1] All further section references are to the Welfare and Institutions Code unless otherwise specified.

[2] On appeal, the minor also challenges the juvenile court's order of victim restitution on several constitutional grounds, arguing that because the order is excessive, it violates due process and equal protection, constitutes an excessive fine, is cruel and unusual punishment, and violates *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 [147 L.Ed.2d 435, 455, 120 S.Ct.

■ Section 730.6, subdivision (h) provides that upon a minor being found to be a person described in section 602, the juvenile court shall order the minor to pay victim restitution in an "amount sufficient to *fully reimburse the victim . . .* for all *determined economic losses incurred* as the result of the minor's conduct for which the minor was found to be a person described in Section 602, including . . . [¶] . . . [¶] (2) [m]edical expenses." (Italics added.) The statute plainly does not authorize the imposition of restitution in excess of this standard.

■ By law, if a medical provider accepts payment from Medi-Cal for medical services rendered, it is barred from seeking any unpaid balance from the patient (42 C.F.R. § 447.15 (2007); Welf. & Inst. Code, §§ 14019.3, subd. (d), 14019.4, subd. (a)), although Medi-Cal may seek reimbursement from the patient or other responsible party for the amount it paid to the provider (42 U.S.C. §§ 1396a(a)(25), 1396k(a), (b)).

Because the victim is only liable for the amount expended by Medi-Cal, we hold that the juvenile court erred by ordering victim restitution for past medical expenses in excess of the actual amount expended or incurred. We shall therefore reverse the order and remand for further proceedings to allow the juvenile court to determine the amount of the medical expenses actually incurred by the victim and to impose a new order for victim restitution.

## PROCEDURAL AND FACTUAL BACKGROUND[3]

On the afternoon of July 8, 2005, the minor, 14-year-old Anthony M., was alone at the home of his father's girlfriend. He invited two friends, Christian D. and the victim, Daniel V., to come over to the house. When the two boys arrived, the minor retrieved a .38-caliber handgun from the master bedroom, placed one bullet in the bottom chamber of the gun's cylinder, pointed the gun at Daniel while dancing around the room, and discharged it, shooting Daniel in the face. Realizing that Daniel had been hit, Anthony wrapped his shirt around Daniel's head and told Christian to call 911.

Daniel was hospitalized for two months in the medical center of the University of California, Davis (the provider) recovering from his injuries. He was left with permanent loss of sight in his right eye and some short-term memory loss.

---

2348] and *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403, 124 S.Ct. 2531]. Because we shall reverse the order of restitution, we need not address these remaining claims.

[3] The minor admitted the charged offense. The facts have been taken primarily from the probation officer's social study report.

The District Attorney of Sacramento County filed a juvenile petition alleging the minor was a person described by the provisions of section 602 in that he unlawfully discharged a firearm in a grossly negligent manner that could result in injury and death to a person (Pen. Code, § 246.3; count 1) and unlawfully possessed a concealable firearm (Pen. Code, § 12101, subd. (a)(1); count 2).

The minor admitted count one of the petition and count two was dismissed in the interests of justice. The minor was adjudged a ward of the court, placed on probation, committed to the care and custody of his parents, and ordered to pay restitution to the victim. In a memorandum to the court, the probation officer recommended that the minor be ordered to pay victim restitution in the amount of $1,056,600.94, an amount based upon a claim submitted by Daniel's attorney to cover the medical expenses charged by the provider for Daniel's medical care.

The minor objected to the recommended amount of restitution and requested a contested hearing. He proffered undisputed evidence that the victim's parents were insured by Medi-Cal, which had made a partial payment to the provider in the amount of $86,394.56, and argued that the victim's medical costs should be based upon the amount actually paid by Medi-Cal rather than the amount billed by the provider.

In a written order of decision, the juvenile court rejected the minor's argument and ordered him to pay victim restitution in the amount of $1,056,651.90, which included the cost of the provider's medical bills and an additional $51 for the damage to Daniel's clothing. The minor appeals from that order.

## DISCUSSION

The minor contends the juvenile court erred when it determined the amount of the victim's economic losses for medical expenses. He argues that the amount imposed is not authorized by statute and, because it is compensation for economic damages, it cannot exceed the amount awarded in a civil action. Respondent contends the lower court did not abuse its discretion because the medical bills were an accurate and rational basis for determining the victim's economic loss.

We agree with the minor that the trial court erred when it imposed the order of restitution and hold that the victim's economic losses for medical expenses under section 730.6 are limited to the amount of medical expenses paid or incurred by the victim as the statute expressly provides.

### A. *Standard of Review*

Generally, an order of restitution will not be overturned in the absence of an abuse of discretion. (*People v. Fortune* (2005) 129 Cal.App.4th 790, 794 [28 Cal.Rptr.3d 872].) The court abuses its discretion when it acts contrary to law (*City of Sacramento v. Drew* (1989) 207 Cal.App.3d 1287, 1297 [255 Cal.Rptr. 704]) or fails to "use a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious" (*People v. Thygesen* (1999) 69 Cal.App.4th 988, 992 [81 Cal.Rptr.2d 886]). Moreover, when the propriety of a restitution order turns on the interpretation of a statute, a question of law is raised, which we review de novo. (*In re Tommy A.* (2005) 131 Cal.App.4th 1580, 1586 [33 Cal.Rptr.3d 103].)

### B. *Analysis*

In 1982, by initiative measure, the voters passed Proposition 8 giving all crime victims the constitutional right to receive restitution from the offender who was convicted of committing a crime against them. (Cal. Const., art. I, § 28, subd. (b).)[4] The Legislature implemented this section by amending the restitution statutes applicable to adult offenders (*People v. Birkett* (1999) 21 Cal.4th 226, 234–246 [87 Cal.Rptr.2d 205, 980 P.2d 912] (*Birkett*)) and section 730.6, which is the parallel provision applicable to juvenile offenders. (*Birkett, supra*, at p. 240, fn. 15.)

Section 730.6, subdivision (a)(1) declares that "[i]t is the intent of the Legislature that a victim of conduct for which a minor is found to be a person described in Section 602 who incurs any economic loss as a result of the minor's conduct shall receive restitution directly from that minor."

Subdivision (h) of section 730.6 states the measure of restitution. An order for victim restitution "shall be imposed in the amount of the losses, as determined. If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court at any time during the term of the commitment or probation. The court shall order full restitution unless it

---

[4] The constitutional provision states, "[i]t is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer. [¶] Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary. The Legislature shall adopt provisions to implement this section during the calendar year following adoption of this section." (Cal. Const., art. I, § 28, subd. (b).)

finds compelling and extraordinary reasons for not doing so, and states them on the record. A minor's inability to pay shall not be considered a compelling or extraordinary reason not to impose a restitution order, nor shall inability to pay be a consideration in determining the amount of the restitution order. A restitution order . . . *shall be of a dollar amount sufficient to fully reimburse the victim or victims for all determined economic losses incurred* as the result of the minor's conduct for which the minor was found to be a person described in Section 602 . . . ." (§ 730.6, italics added.) Items of compensable economic loss include medical expenses as well as the value of stolen or damaged property, and wages or profits lost by the victim or due to injury incurred by the victim or the minor's parents or guardians.

■ The purpose of an order for victim restitution is threefold, to rehabilitate the defendant, deter future delinquent behavior, and make the victim whole by compensating him for his economic losses. (*In re Brittany L.* (2002) 99 Cal.App.4th 1381, 1387 [122 Cal.Rptr.2d 376].) To carry out these purposes, the restitution order must be in an amount sufficient to fully reimburse the victim for economic losses incurred as a result of the juvenile's criminal conduct without regard to potential reimbursement from a third party insurer. (*People v. Birkett, supra,* 21 Cal.4th at p. 246; *In re Brittany L., supra,* 99 Cal.App.4th at p. 1389.)

■ The order is not however, intended to provide the victim with a windfall. (*People v. Fortune, supra,* 129 Cal.App.4th at pp. 794–795; *People v. Thygesen, supra,* 69 Cal.App.4th at p. 995.) Indeed, the statutory language makes clear that the Legislature intended to limit restitution to the victim's economic losses and to mitigate those losses to the extent possible. Thus, in determining the amount of restitution due the state in welfare fraud cases, the courts apply a formula that insures the state receives no more than its actual loss. (*People v. Crow* (1993) 6 Cal.4th 952, 961–962 [26 Cal.Rptr.2d 1, 864 P.2d 80]; *People v. Fortune, supra,* 129 Cal.App.4th at p. 796 [welfare fraud].)

Similarly, the economic loss of stolen or damaged property is to be valued at "the replacement cost of like property, or the actual cost of repairing the property when repair is possible." (§ 730.6, subd. (h)(1).) Applying this measure, the court in *People v. Thygesen, supra,* 69 Cal.App.4th 988, reversed an order of restitution where the defendant was convicted of stealing a cement mixer and ordered to pay victim restitution in an amount sufficient to purchase a new mixer rather than a used one. Referencing the above quoted statutory language, the court held "[t]he correct award should have been predicated on the 'replacement cost of *like* property' " and concluded that because "the purpose of the restitution statute is to make [the] victim whole, not to give a windfall[, the victim] is not entitled to replace a used mixer with a brand new one at appellant's expense . . . ." (*Id.* at p. 995.)

These same principles of actual loss and mitigation are equally applicable to determine the value of the victim's medical expenses. *Hanif v. Housing Authority* (1988) 200 Cal.App.3d 635 [246 Cal.Rptr. 192] (*Hanif*), a civil suit for damages, is instructive. There the plaintiff sued to recover damages for injuries sustained when he was struck by the defendant's automobile. The trial court awarded the plaintiff special damages for his medical expenses based upon the amount billed by the medical provider rather than the lesser amount paid by Medi-Cal. (*Id.* at p. 639.)

The reviewing court in *Hanif* held this was error after concluding the plaintiff's damages for medical expenses were limited to the amount actually paid. (*Hanif, supra,* 200 Cal.App.3d at p. 639.) In so holding, the court considered the purpose of tort damages, which is to compensate the plaintiff for injuries suffered rather than to award a windfall. Because that purpose is achieved by restoring the plaintiff as nearly as possible to his former position, "an award of damages for past medical expenses in excess of what the medical care and services actually cost constitutes overcompensation." (*Id.* at p. 641.) The court therefore concluded the "plaintiff is entitled to recover *up to, and no more than,* the actual amount expended or incurred for past medical services so long as that amount is reasonable." (*Id.* at p. 643.)

Respondent argues that because the rights to be vindicated are different in civil and criminal proceedings, the measure of civil damages is inapplicable to a determination of victim restitution. The respondent misses the point. This case involves a simple question of the application of section 730.6. Although *Hanif* involves an analogous civil law, neither that law nor the criminal law applies to extend the provisions of the section.

 Here, the provider submitted its bills to Medi-Cal for the medical services and care rendered to Daniel. Medi-Cal is California's medical assistance program, which pays medical costs for financially needy persons. (*Olszewski v. Scripps Health* (2003) 30 Cal.4th 798, 804 [135 Cal.Rptr.2d 1, 69 P.3d 927]; *People v. Hove* (1999) 76 Cal.App.4th 1266, 1272, fn. 5 [91 Cal.Rptr.2d 128].) Final payment by Medi-Cal to a medical provider constitutes payment in full (§ 14019.3, subd. (d)) and a provider who has submitted a claim for payment to Medi-Cal is precluded from seeking payment from the recipient for any unpaid balance other than the nominal deductible or cost-sharing amount. (42 C.F.R. § 447.15 (2007); Welf. & Inst. Code, §§ 14019.3, subd. (d), 14019.4, subd. (a); *Olszewski v. Scripps Health, supra,* 30 Cal.4th at p. 820.)[5] Medi-Cal, on the other hand, may, under certain circumstances, seek reimbursement from the recipient or other responsible

---

[5] Although Daniel has not incurred any economic loss in fact, the minor's obligation to pay victim restitution is not extinguished by that fact (*People v. Birkett, supra,* 21 Cal.4th at p. 246) and the minor does not contend otherwise.

party for the amount it paid the provider. (42 U.S.C. §§ 1396a(a)(25)(B), (a)(45), 1396k(a)(1)(A), (b); *Arkansas Dept. of Health and Human Servs. v. Ahlborn* (2006) 547 U.S. 268, 280 [164 L.Ed.2d 459, 126 S.Ct. 1752].)

Nevertheless, respondent urges us to follow *People v. Hove, supra,* 76 Cal.App.4th 1266, which affirmed a restitution order for medical expenses based upon the amount billed by the provider rather than the amount paid by Medi-Cal. The juvenile court below found *Hove* dispositive. We find it inapposite.

In *Hove,* the defendant pled guilty to driving under the influence of methamphetamine and proximately causing injury to the victim, a 65-year-old man who, at the time of sentencing, was totally incapacitated and in a vegetative state as a result of his injuries. (*People v. Hove, supra,* 76 Cal.App.4th at pp. 1268, 1275.) When imposing the order, the trial court noted that even if the amount awarded ($286,565.92) exceeded the amount paid by Medi-Cal ($89,054.34), the higher amount was justified because there would be continuing care costs beyond the date of the award. (*Id.* at pp. 1274–1275.)

No such finding was made in the present case. The victim lost sight in one eye and suffers some short-term memory loss. We do not minimize the tragedy of the victim's injuries, the extent of those injuries, or the impact they will have on him in the future. However, the district attorney did not request and proffered no evidence to prove that the victim will require any ongoing medical care for his injuries.[6] Moreover, the juvenile court failed to justify the excessive award by finding it was purposely made to serve a legitimate rehabilitative purpose. (*People v. Thygesen, supra,* 69 Cal.App.4th at pp. 996–997.)

Accordingly, we find the juvenile court erred when it imposed a restitution order in excess of the amount paid by Medi-Cal. Because Medi-Cal had not made its final payment at the time of the restitution hearing, the court was unable to determine the total cost of the medical expenses. The Legislature provided for that possibility in section 730.6, subdivision (h), which states that "[i]f the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court at any time during the term of the commitment or probation." We shall therefore reverse the order and remand the matter for further proceedings to determine the total amount paid by Medi-Cal and to issue a revised order of restitution.

---

[6] The probation officer's report indicates that Daniel has regular ongoing appointments with both his pediatrician and a neurologist. However, no request was made to recover the cost of those appointments.

## DISPOSITION

The order of restitution is reversed and the matter is remanded to the juvenile court for further proceedings consistent with this decision.

Hull, J., and Robie, J., concurred.

Respondent's petition for review by the Supreme Court was denied February 13, 2008, S159185.