Filed 1/15/14  In re G.L. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re G.L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>G.L.,<br><br>        Defendant and Appellant. | A139276<br><br>(Alameda County<br>Super. Ct. No. SJ120118862) |

Minor G.L. appeals a restitution order made after he admitted driving and taking a vehicle.  His counsel has filed an opening brief raising no issues and asking this court for an independent review of the record to determine whether there are any arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436.)  Minor has been advised of his right to file a supplemental brief, but he has not done so.

Minor, a ward of the court, was charged by a subsequent wardship petition with one felony count of driving and taking a vehicle (Veh. Code, § 10851, count one), one felony count of attempting to evade an officer while driving recklessly (Veh. Code, § 2800.2, count two), and one misdemeanor count of driving without a license (Veh. Code, § 12500, subd. (a), count three).  According to the police report, police officers noticed that a car driven by Minor was stolen, and activated their lights and sirens.  Minor drove away, accelerating to speeds between 60 and 65 miles an hour on city streets.

1

Minor slowed the car down, and he and a passenger got out of the car as it was stopping. The car came to rest against a parked car. Minor admitted count one as a misdemeanor, and the juvenile court found it true. The remaining counts were dismissed, and Minor was continued as a ward of the court.

The owners of the car submitted a restitution claim that indicated they had incurred out-of-pocket losses of $840, including a $500 insurance deductible, and $340 to reflect the value of various items missing from the vehicle. Their insurer provided documentation showing the total loss on the vehicle was $5,644.23.[1]

A contested determination of restitution hearing took place. Minor's counsel argued that because the victims had not requested reimbursement for the amounts paid by the insurer, restitution should be limited to their $840 in out-of-pocket costs. Minor's counsel acknowledged, however, that the victims were legally entitled to the full amount of the losses, including amounts paid in the first instance by the insurer. The juvenile court ordered Minor to pay restitution of $5,644.23. At the same time, the court reduced the restitution previously ordered in connection with an earlier petition filed against Minor.

There are no meritorious issues to be argued.

**DISPOSITION**

The order appealed from is affirmed.

---

[1] Welfare and Institutions Code section 730.6, subdivisions (a)(2)(B) and (h) provide that the victim of a minor's offense shall receive restitution in the amount of his or her losses. This restitution includes expenses covered by insurance. (*In re Eric S.* (2010) 183 Cal.App.4th 1560, 1566; *In re Anthony M.* (2007) 156 Cal.App.4th 1010, 1018–1019 & fn. 5.)

_____

Rivera, J.

We concur:


_____

Reardon, Acting P.J.


_____

Humes, J.