Filed 1/30/14  In re Joshua C. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re JOSHUA C., a Person Coming Under the Juvenile Court Law. | |
| | D063986 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J232910) |
| v. | |
| JOSHUA C., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed.

Cynthia A. Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Joshua C. appeals from a dispositional order in proceedings under Welfare and Institutions Code section 602, subdivision (a).  Appointed appellate counsel filed a brief

presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Joshua C. did not respond to our invitation to file a supplemental brief. After having independently reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

An amended juvenile delinquency petition filed in March 2013 alleged that Joshua unlawfully possessed a knife on school grounds (Pen. Code § 626.10, subd. (a)(1)[1] [count 1], and misdemeanor vandalism (§ 594, subds. (a), (b)(2)(A) [count 2]. The count involving the knife was based on Joshua's possession of a knife in his pockets at school. The vandalism involved damage to another student's car. Joshua admitted count 1, and count 2 was dismissed with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754). The court ordered Joshua to pay $2,932.24 in restitution to the victim of the vandalism. The restitution order was later reduced to $2,682.24 to correct an error in calculating the amount of monetary harm to the victim.

A second juvenile delinquency petition filed in May 2013 under the same case number alleged that Joshua (1) committed assault with a deadly weapon (§ 245, subd. (a)(1)); (2) maliciously and unlawfully set fire to the property of another (§ 451, subd. (d)); (3) unlawfully used force upon another on school property (§ 243.2, subd. (a)(1));

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

2

and (4) unlawfully possessed smoking paraphernalia (§ 308, subd. (b)). Joshua admitted to maliciously and unlawfully setting fire to the property of another (§ 451, subd. (d)), which was based on Joshua's use of a lighter to burn a hole in another student's clothing. The other counts were dismissed with a *Harvey* waiver. The juvenile court committed Joshua to a residential treatment facility.

Joshua filed a notice of appeal.

II

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the juvenile court. Counsel presented no argument for reversal but invited this court to review the record for error in accordance with *Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel identified as possible but not arguable issues: (1) whether the juvenile court abused its discretion in setting the amount of victim restitution; and (2) whether the juvenile court abused its discretion in rendering judgment. After we received counsel's brief, we gave Joshua an opportunity to file a supplemental brief, but he did not respond.

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the issues suggested by counsel, has disclosed no reasonably arguable appellate issue. We note that counsel for Joshua questioned in the juvenile court whether the restitution order should include the amount of the auto repair costs covered by the victim's auto insurance policy. The juvenile court properly included that amount in the restitution order. Welfare and Institutions Code section 730.6,

3

subdivisions (a)(2)(B) and (h) provide that the victim of a minor's offense shall receive restitution in the amount of his or her losses, which includes expenses covered by insurance.  (*In re Eric S.* (2010) 183 Cal.App.4th 1560, 1566; *In re Anthony M.* (2007) 156 Cal.App.4th 1010, 1018-1019 & fn. 5.)  Joshua has been adequately represented by counsel on this appeal.

DISPOSITION

The dispositional order is affirmed.


_____

IRION, J.

WE CONCUR:


_____

MCCONNELL, P.J.


_____

O'ROURKE, J.

4