Filed 10/30/14  P. v. Jones CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>LAMONT WILLIAM JONES, JR.,<br><br>       Defendant and Appellant. | A140504<br><br>(Mendocino County<br>Super. Ct. No. SCUKCRCR1270290) |

Appellant Lamont William Jones, Jr., appeals from an order requiring him to pay more than $200,000 in victim restitution to cover medical bills of a man he criminally assaulted.  Both he and respondent agree that the amount of restitution was incorrectly calculated, but they disagree on the appropriate remedy.  We reverse the restitution award and remand to the trial court for further proceedings.

I.

FACTUAL AND PROCEDURAL
BACKGROUND

Jones, a transient, was charged with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1] in connection with an attack on another transient with a metal pipe on October 29, 2012, in Ukiah.  The victim was hospitalized with multiple facial fractures and incurred significant medical bills.

After jury selection began in August 2013, Jones agreed to a plea deal.  He pleaded guilty to the assault charge and admitted allegations that he inflicted great bodily

---

[1] All statutory references are to the Penal Code unless otherwise specified.

1

injury (§ 12022.7, subd. (a)) and had suffered two prior prison terms (§ 667.5, subd. (b)). He also agreed to a nine-year prison term, with execution of sentence suspended and a grant of three years' probation. Before Jones entered his plea, the trial court informed him he would be ordered to pay restitution to his victim but would be entitled to a hearing on the amount.

On September 13, 2013, Jones was sentenced under the terms of the plea agreement. As for restitution, the prosecution provided a declaration from the victim requesting $203,222.58 in restitution, described as the amount "Paid by . . . Medi-Cal,"[2] along with supporting documentation. Defense counsel said he wanted to research the issue of restitution, and the trial court scheduled a separate restitution hearing.

In advance of the hearing, Jones filed a restitution memorandum arguing that he should not have to pay the victim's medical expenses because he and the victim were covered by Medi-Cal and the victim did not incur any actual loss. At a short restitution hearing on November 15, the parties agreed there was no dispute about "the amount of the medical bills," but they disagreed whether their Medi-Cal coverage absolved Jones of his duty to pay restitution in that amount. The court took the matter under submission.

Three days later, on November 18, the court issued a written restitution order rejecting Jones's argument that he was entitled to an offset in restitution because both he and the victim were covered by Medi-Cal. The court set restitution "at the amount shown by the evidence or $203,222.58." The court directed the district attorney to "prepare a form of order reflecting that amount," but it appears no such order was prepared.

---

[2] Medi-Cal is California's medical-assistance program that pays medical costs for people with financial need. (*In re Anthony M.* (2007) 156 Cal.App.4th 1010, 1018 (*Anthony M.*).)

## II.

## DISCUSSION

Jones's sole argument on appeal is that the trial court incorrectly calculated the amount of restitution, requiring that this court modify the order. Generally, a trial court's restitution order is reviewed for an abuse of discretion and will be affirmed unless it lacks a factual or rational basis, or is otherwise founded upon a demonstrable error of law. (*People v. Jennings* (2005) 128 Cal.App.4th 42, 49; *People v. Hume* (2011) 196 Cal.App.4th 990, 995; *In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1132.) Here, respondent concedes, and we agree, that the amount of restitution ordered was incorrect.

The California Constitution requires that restitution "be ordered from the convicted wrongdoer in every case, regardless of the sentence of disposition imposed, in which a crime victim suffers a loss." (Cal. Const., art. I, § 28, subd. (b), par. (13)(B).) To further that directive, section 1202.4, subdivision (f)(3)(B) provides that the trial court shall require a defendant to fully reimburse the victim for, among other things, medical expenses incurred as a result of defendant's criminal conduct. Restitution is to be ordered without regard to the victim's reimbursement from other sources, such as insurance. (*People v. Birkett* (1999) 21 Cal.4th 226, 246.)

A restitution order is not, however, intended to provide a windfall to a victim. (*Anthony M.*, *supra*, 156 Cal.App.4th at p. 1017.) Where restitution is ordered for medical bills, it must be in the amount *accepted* by the medical provider and not the amount originally *billed.* (*Id.* at p. 1019.) This means that here, just as in *Anthony M.*, the restitution amount should have been limited to the amount paid by Medi-Cal, and not the original amount billed by the hospital. (*Id.* at pp. 1017-1019; see also *People v. Bergin* (2008) 167 Cal.App.4th 1166, 1172 [upholding victim restitution order set at the amount actually paid by insurer].)[3]

---

[3] Although Medi-Cal paid the victim's medical bills, restitution in this case is not a windfall to the victim because Medi-Cal generally has authority to seek and obtain the recovery of restitution funds victims receive for Medi-Cal expenses. (*Anthony M.*, *supra*, 156 Cal.App.4th at pp. 1018-1019.)

Although the trial court and the parties below apparently were under the impression that Medi-Cal *paid* the full $203,222.58 ultimately ordered in victim restitution, the parties on appeal agree that was not the case. Instead, the figure was the amount the hospital originally *billed* to Medi-Cal, and it was later adjusted downward before final payment.[4]

The parties disagree on the appropriate remedy. Respondent argues the matter should be remanded to permit the trial court to order restitution under section 1203.1, which governs orders granting probation and permits trial courts to order restitution *as a condition of probation* in an amount greater than the loss suffered by a victim under section 1202.4. (*People v. Anderson* (2010) 50 Cal.4th 19, 27-28; *People v. Carbajal* (1995) 10 Cal.4th 1114, 1120-1122.) Here, however, the trial court apparently did not make the restitution order a condition of probation, stating, "I'm not putting [Jones] in prison for not paying the full amount." Moreover, the court's written order relied solely on section 1202.4 and did not cite section 1203.1.

Although we conclude it would be inappropriate on remand for an order requiring restitution as a condition of probation, we agree with respondent that the matter should be remanded to the trial court for recalculation of the amount of restitution. To begin with, the trial court was not given a final opportunity to consider the restitution award because the district attorney failed, we presume inadvertently, to follow up on the court's direction to prepare a form order. Furthermore, the actual amount paid by Medi-Cal has been uncertain. Jones originally calculated the amount to be $20,652 in his opening brief, then recalculated the amount downward to $8,216 in his reply brief after respondent argued that the original calculation was incorrect. Under these circumstances, we believe that further clarification from the trial court is appropriate.

---

[4] Respondent does not contend that Jones forfeited the issue by not raising it below. In any event, we would exercise our discretion to address the issue even if it was not properly preserved since Jones challenged the amount of restitution below, albeit on a different theory, and both parties now agree there was error. (*People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 [appellate court generally not prohibited from reaching question that was not preserved for review by a party].)

4

### III.
#### DISPOSITION

The trial court's restitution order is reversed, and the matter is remanded for further proceedings consistent with this opinion.

_____
Humes, P.J.

We concur:


_____
Margulies, J.


_____
Dondero, J.