Filed 6/28/21  A.G. v. Superior Court CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| A.G.,  Petitioner,  v.  THE SUPERIOR COURT OF YOLO COUNTY,  Respondent;  THE PEOPLE,  Real Party in Interest. | C091830  (Super. Ct. No. JDSQ19347) |

A.G. petitions this court for a writ of mandate compelling the Superior Court of Yolo County to vacate its February 19, 2020 order, requiring him to pay restitution in the amount of $749 to V.P. for a cellphone because V.P. paid only $249 to replace the cellphone.  We will deny the petition.

1

FACTUAL AND PROCEDURAL BACKGROUND

On November 12, 2019, A.G. stole a cell phone from V.P. at a park. According to the probation department's detention report, A.G. approached V.P. with a couple of friends and asked to use her cell phone. She did not give it to him, but she told him that she would put the phone on speaker while she held it. As she held the phone in her right hand, A.G. grabbed the phone and pushed her in the chest. A.G. and his friends then ran off with the cell phone.

On November 21, 2019, a first amended petition was filed under Welfare and Institutions Code[1] section 602 alleging that A.G., a minor, committed second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)—count 1), conspiracy to commit robbery (Pen. Code, § 182, subd. (a)(1)—count 2), grand theft from a person (Pen. Code, § 487, subd. (c)—count 3), battery (Pen. Code, § 242—count 4), and child abuse or endangerment (Pen. Code, § 273a, subds. (a), (b)—counts 4 & 5). On December 16, 2019, A.G. agreed to, and respondent juvenile court granted, informal probation pursuant to section 654.2.

The district attorney filed a motion, with accompanying exhibits, seeking victim restitution for the loss of the cell phone of one of the victims, V.P. A.G. filed an opposition. A.G. argued that V.P. was entitled to $249 for the "replacement cost" of her stolen cell phone. The district attorney then filed a supplement to the motion with additional exhibits, clarifying that $749 was the appropriate restitution award for the cell phone based on the fair market value.

The juvenile court held a restitution hearing on February 19, 2020. No other evidence was presented, but both parties presented argument. A.G. argued that the replacement value of the stolen cell phone should be calculated as the victim's actual cost to obtain a replacement phone, which was $249 pursuant to her insurance claim. The

---

[1]     Undesignated references are to the Welfare and Institutions Code.

district attorney acknowledged the insurance claim but argued that the appropriate restitution award for the cell phone was $749, the fair market value of the phone, pursuant to *In re Brittany L.* (2002) 99 Cal.App.4th 1381.  The juvenile court cited *People v. Birkett* (1999) 21 Cal.4th 226 for the proposition that the victim is entitled to restitution regardless of whether the loss had been partially or fully reimbursed by his or her insurance company.  According to the juvenile court's reading of *Birkett*, the victim was entitled to "the full amount of the loss including the total amount that the victim's insurance company paid out plus the victim's deductible payments and any other amounts not covered by the victim's insurance."  The court awarded $749 in restitution for the cell phone because, in its view, the evidence before it established that the fair market value of the phone was $749.

DISCUSSION

A.G. contends that the juvenile court abused its discretion in awarding $749 in restitution and should have awarded restitution for the loss in the amount of $249, which is the amount the victim paid to her insurance company as a "service fee/deductible" for a replacement phone.  We disagree.

When a minor is placed on informal supervision pursuant to section 654.2, the court may order restitution as a condition.  (§ 654.6.)  However, section 800 does not authorize an appeal from an order placing a minor on informal supervision under section 654.2.  (*Ricki J. v. Superior Court* (2005) 128 Cal.App.4th 783, 788-790.)  Since there is no appealable judgment (*ibid.*), a challenge to a condition of deferred entry of judgment is by writ of mandate.  (See, e.g., *G.C. v. Superior Court* (2010) 183 Cal.App.4th 371, 374.)  We review a restitution order for abuse of discretion.  " 'A victim's restitution right is to be broadly and liberally construed.'  [Citation.]  ' "When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court." '  [Citations.]"  (*In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1132.)  A restitution order will be upheld unless the order

3

" ' "falls outside the bounds of reason" under the applicable law and the relevant facts.' " (*People v. Giordano* (2007) 42 Cal.4th 644, 663.)

Section 730.6, subdivision (a)(1), provides: "It is the intent of the Legislature that a victim of conduct for which a minor is found to be a person described in Section 602 who incurs any economic loss as a result of the minor's conduct shall receive restitution directly from that minor." Under subdivision (h)(1) of section 730.6, restitution "shall be imposed in the amount of the losses, as determined." The restitution award "shall be of a dollar amount sufficient to fully reimburse the victim . . . for all determined economic losses incurred as the result of the minor's conduct for which the minor was found to be a person described in Section 602, including . . . [f]ull or partial payment for the value of stolen or damaged property. The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible." (*Id.*, subd. (h)(1).) Once the victim has presented an adequate factual basis for the claim, the burden shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim. (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.)

The purposes of victim restitution under section 730.6 are rehabilitation of the minor, deterrence of future delinquent behavior, and compensation of the victim for economic losses. (*In re Anthony M.* (2007) 156 Cal.App.4th 1010, 1017.) When ordering restitution under section 730.6, the juvenile court " 'may use any rational method of fixing the amount of restitution, provided it is reasonably calculated to make the victim whole, and provided it is consistent with the purpose of rehabilitation.' [Citation.] . . . ' "[W]hile the amount of restitution cannot be arbitrary or capricious, 'there is no requirement the restitution order be limited to the exact amount of the loss in which the [minor] is actually found culpable. . . .' [Citation.]" ' [Citation.]" (*In re Dina V.* (2007) 151 Cal.App.4th 486, 489; see *In re Brittany L., supra*, 99 Cal.App.4th at p. 1391.)

4

We find *In re Brittany L., supra*, 99 Cal.App.4th 1381 instructive.  In that case, the minor vandalized the victims' house by throwing eggs at it.  (*Id.* at p. 1384.)  The total cost to clean and repaint the exterior of the home was $3,500.  (*Ibid.*)  The total cost to resurface the driveway was $3,800.  (*Ibid.*)  The victims paid an insurance deductible of $500 to their insurance company, which covered the remainder of the costs.  (*Id.* at pp. 1384-1385.)  At the restitution hearing, the juvenile court awarded victim restitution in the amount of $500, the amount of the insurance deductible.  (*Id.* at p. 1385.)  The appellate court held that the juvenile court erred in failing to order restitution in an amount necessary to fully reimburse the victims without regard to the victims' reimbursement from other sources.  (*In re Brittany L., supra*, 99 Cal.App.4th at pp. 1386-1390.)  The court explained that the purposes behind requiring a minor to pay victim restitution "would be thwarted if a minor was relieved from responsibility for making her victims whole simply because the victims had been farsighted enough to purchase insurance for this type of damage to their home."  (*Id.* at p. 1387; see *In re Tommy A.* (2005) 131 Cal.App.4th 1580, 1592 [reasoning that a minor challenging an award of restitution duplicate to insurance coverage could not "use the settlement payment made by [the victim's] insurer to offset his victim restitution obligation under section 730.6(a)(1)"].)

We conclude the juvenile court exercised its duty to fashion dispositional orders, including restitution orders, with the goal of rehabilitating the errant minor.  Full restitution advances that goal by ensuring A.G. understands the full consequences of his criminal behavior.  Nor did the award give the victim a "windfall," as A.G. asserts.  The purpose of the statutory scheme is to ensure that the perpetrator pay the full losses.  Section 730.6, subdivision (a)(1) states the intent of the Legislature is to require restitution "directly from" the minor.  The fact that the victim in this case was a prudent person who purchased insurance should not relieve the perpetrator of the duty to pay the full losses.  As stated in the case cited by the juvenile court:  "The victim obtains no

5

double recovery to the extent his contractual arrangement with his insurer calls for subrogation or refund of insurance benefits in light of a recovery in tort." (*People v. Birkett, supra*, 21 Cal.4th at p. 247, fn. 19.) Thus, full restitution is not a "windfall" because if the victim accepts it, she may have a contractual duty to pay it to her insurer, and if she refuses it, she might face a lawsuit by her insurer. This risk to the victim provided further support for the juvenile court's determination that no compelling and extraordinary reasons existed for declining to require the minor to pay full restitution in this case.

We conclude the juvenile court acted within its discretion by requiring the minor to pay the victim's full losses rather than the amount of the insurance deductible.

DISPOSITION

The petition for writ of mandate is denied.


_____/s/_____
BLEASE, Acting P.J.



We concur:


_____/s/_____
ROBIE, J.



_____/s/_____
MURRAY, J.


6