Filed 9/16/13  P. v. Clinton CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEWITT JOHN CLINTON, JR., et al.,<br><br>    Defendants and Appellants. | 2d Crim. No. B245758<br>(Super. Ct. No. 1386337)<br>(Santa Barbara County) |

DeWitt John Clinton, Jr., and David Jason Prekker appeal judgments entered after they pleaded nolo contendere to assault with a semiautomatic firearm.  (Pen. Code, § 245, subd. (b).)[1]  Chad Ryan Major appeals a judgment entered after he pleaded nolo contendere to attempted murder, possession of heroin for sale, and possession of an assault weapon, and admitted that he personally used a firearm during commission of attempted murder, personally inflicted great bodily injury upon his victim, suffered a prior narcotics conviction, and served a prior prison term.  (§§ 664, 187, subd. (a); Health & Saf. Code, § 11351; §§ 12280, subd. (b), 12022.5, subd. (a)(1), 12022.7, subd. (a); Health & Saf. Code, § 11370.2, subd. (a); § 667.5, subd. (b).)  We conclude that the trial court properly ordered victim restitution, and affirm.  (*People v. Hove* (1999) 76 Cal.App.4th 1266, 1272-1273.)

---

[1] All further statutory references are to the Penal Code unless otherwise stated.  References to sections 12022.5, 12022.7, and 12280 are to versions in effect prior to repeal effective January 1, 2012.

*FACTS AND PROCEDURAL HISTORY*

On February 21, 2012, the Santa Barbara County prosecutor filed an information against Clinton, Prekker, and Major, alleging that on July 16, 2011, they committed attempted murder and assault against J.S. Kinsey. The prosecutor also alleged that Major alone committed several drug and firearm crimes.

Following a February 8, 2012, preliminary examination at which Kinsey and others testified, Clinton, Prekker, and Major entered nolo contendere pleas to certain charged counts. On July 17, 2012, Clinton and Prekker pleaded nolo contendere to assault with a semiautomatic firearm and admitted that they participated as aiders and abettors in the assault upon Kinsey with a .22 semiautomatic pistol. (§ 245, subd. (b).) In accordance with a plea agreement, the trial court sentenced Clinton and Prekker to three-year (low-term) prison terms. The court also imposed a $240 restitution fine and a $240 parole revocation restitution fine (stayed). (§§ 1202.4, subd. (b), 1202.45.) It awarded Clinton 777 days of presentence custody credit and Prekker 578 days of presentence custody credit.

On July 17, 2012, Major pleaded nolo contendere to attempted murder, possession of heroin for sale, and possession of an assault weapon. (§§ 664, 187, subd. (a); Health & Saf. Code, § 11351; § 12280, subd. (b).) He also admitted that he personally used a firearm during commission of attempted murder, personally inflicted great bodily injury upon the victim, suffered a prior narcotics conviction, and served a prior prison term. (§§ 12022.5, subd. (a)(1), 12022.7, subd. (a); Health & Saf. Code, § 11370.2, subd. (a); § 667.5, subd. (b).) Major also admitted that he "unlawfully and with malice aforethought attempted to kill J. Kinsey." In accordance with a plea agreement, the trial court sentenced him to a 17-year prison term. The court also imposed a $240 restitution fine and a $240 parole revocation restitution fine (stayed). (§§ 1202.4, subd. (b), 1202.45.) It awarded Major 402 days of presentence custody credit.

On the prosecutor's motion, the trial court dismissed the remaining charged counts against Clinton, Major, and Prekker. (§ 1385.)

*Victim Restitution*

*(§ 1202.4, subd. (f).)*

On November 20, 2012, and December 11, 2012, the trial court held a contested hearing regarding victim restitution. Kinsey did not appear at the hearing; he also did not submit a request for restitution to the prosecutor or the probation officer. The prosecutor stated that Kinsey had not been in contact with her office. She added that she had "spoken to his attorney . . . since the plea and sentence of the defendants, it's [her] understanding he has some concern for his safety." The prosecutor presented an $11,411.82 invoice for medical services rendered by Cottage Hospital, including "a discount of thirty percent from the original balance owed of over $16,000." The invoice was billed to Kinsey.

The defendants argued that Kinsey did not establish that he suffered a loss and that it was possible that the hospital would discount its billing in an additional amount. Defense counsel argued, "[W]hat if [Kinsey's] girlfriend, or, . . . girlfriends paid the bill; . . . [Kinsey] has not suffered loss." Following discussion between the trial court and counsel, the court ordered defendants jointly and severally to pay restitution of $11,411.82 to Kinsey.

Defendants appeal and contend that the trial court did not possess the authority to order victim restitution because Kinsey did not file a claim therefor, and there is no showing that he suffered an economic loss.

*DISCUSSION*

Defendants argue that the trial court improperly ordered victim restitution because Kinsey did not submit a claim for restitution, orally or in writing. They also assert that the restitution order is premature because there is a possibility that the hospital may discount its invoice further or accept a lesser amount in settlement.

Article I, section 28, subdivision (b)(13)(B) of the California Constitution provides that crime victims have the right to restitution for losses they suffer and that "[r]estitution shall be ordered from the convicted wrongdoer in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss." Section

3

1202.4, subdivision (a) expresses "the intent of the Legislature that a victim of crime who incurs an economic loss as a result of the commission of a crime shall receive restitution directly from a defendant convicted of that crime."  Moreover, section 1202.4, subdivision (f) states that, except in inapplicable circumstances, "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. . . ."

In addition to compensating the victim, a restitution order rehabilitates and deters the defendant.  (*People v. Hove*, *supra*, 76 Cal.App.4th 1266, 1273.)  Restitution is an effective rehabilitation method because it forces the defendant to confront in concrete terms the harm that his acts have caused.  (*Ibid.*)

On appeal, a restitution order is reviewed pursuant to the abuse of discretion standard.  A restitution order may not rest upon an error in law, however.  (*People v. Duong* (2010) 180 Cal.App.4th 1533, 1537; *In re K.F.* (2009) 173 Cal.App.4th 655, 661 ["No court has discretion to make an order not authorized by law, or to find facts for which there is not substantial evidence"].)  We independently review issues of law decided by the trial court.  (*In re K.F.*, at p. 661.)

A business entity is a "victim" pursuant to section 1202.4 only if it is "a direct victim of a crime."  (§ 1202.4, subd. (k)(2).)  For restitution purposes, a "victim" is one who is "the *object* of a crime."  (*People v. Birkett* (1999) 21 Cal.4th 226, 232.)  When a defendant is sentenced to prison and not granted probation, a hospital that incurs expenses in treating a victim is not itself a direct victim entitled to restitution under section 1202.4.  (*People v. Slattery* (2008) 167 Cal.App.4th 1091, 1095–1098; cf. *People v. Anderson* (2010) 50 Cal.4th 19, 26 [when defendant is granted probation, trial court has discretion to order him to pay restitution to hospital pursuant to section 1203.1].)

The trial court acted properly by ordering restitution expressly payable to Kinsey.  Section 1202.4, subdivision (f) requires the court to order victim restitution "based upon the amount of loss claimed by the victim or victims or any other showing to

4

the court."  The prosecutor presented an invoice from Cottage Hospital billed to Kinsey, already discounted by 30 percent.  Kinsey "incur[red]" the economic loss "as a result of the commission of a crime."  (§ 1202.4, subd. (a).)  "To constitute evidence of a 'loss incurred,' there must be some basis to conclude that the victim is 'liable or subject to' a charge."  (*In re K.F.*, *supra*, 173 Cal.App.4th 655, 663; See *People v. Hove*, *supra*, 76 Cal.App.4th 1266, 1268 [crime victim in persistent vegetative state entitled to full amount of economic loss although Medicare paid medical expenses].)  The hospital's demand to Kinsey for payment here is sufficient evidence that he is liable for the charges.  Moreover, the 30 percent discount regarding the charges permits a reasonable inference that Kinsey or someone on his behalf had discussed the billed charges or negotiated the discount with the hospital.

The prosecutor also stated that she had been in contact with Kinsey's attorney to discuss restitution and his whereabouts.  Although Kinsey may not have made an express claim for restitution, it is a reasonable inference that his attorney authorized the prosecutor to proceed on Kinsey's behalf.

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:


PERREN, J.


HOFFSTADT, J[*].

---

[*] (Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to art. 6, § 6 of the Cal. Const.)

Brian E. Hill, Judge

Superior Court County of Santa Barbara

_____

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant DeWitt John Clinton, Jr.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant David Jason Prekker.

Richard C. Gilman, under appointment by the Court of Appeal, for Defendant and Appellant Chad Ryan Major.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Michael C. Keller, Deputy Attorney General, for Plaintiff and Respondent.