Filed 2/25/15  P. v. Ranger CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL SHAUN RANGER,<br><br>Defendant and Appellant. | B254763<br><br>(Los Angeles County<br>Super. Ct. No. GA083271) |

APPEAL from an order of the Superior Court of Los Angeles County.  Teri Schwartz, Judge.  Reversed and remanded.

Jean Ballantine, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Robert M. Snider, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Michael Shaun Ranger (defendant) appeals from an order for direct victim restitution. He contends that the order was not supported by substantial evidence and that the trial court applied the incorrect measure of compensation. In addition, defendant contends that counsel retained for the restitution hearing provided ineffective assistance, and that the restitution amount should have been determined by a jury. We agree that the order must be reversed and the matter remanded for a new hearing, however, we reject defendant's claim that he has a right to a jury determination and we find defendant's claim of ineffective assistance of counsel to be moot.

## BACKGROUND

In 2012, a jury convicted defendant of assault with a deadly weapon and found that defendant personally inflicted great bodily injury upon the victim, which caused the victim to become comatose due to brain injury and to suffer paralysis. After the trial court sentenced defendant to eight years in prison and ordered defendant to pay victim restitution, we affirmed the judgment.[1]

After several continuances and the substitution of defense counsel, the restitution hearing was held on September 24, 2013.[2] The People did not file a written motion, the victim did not testify, and the only evidence presented was a bill from Huntington Hospital for $176,254.46 and an explanation of benefits from Health Net Insurance Company. Also included were spreadsheets summarizing hospital, physician, and prescription charges. However, there was no testimony or other evidence indicating whether the hospital accepted the insurance payment as payment in full or how much the victim actually paid out of pocket.

The trial court heard the argument of counsel. The prosecutor represented that the insurance company had paid a portion of the hospital bill, and that $176,254.46 was not unreasonable for a 30-day hospital stay. Defense counsel argued that charges that were

---

[1]     (See *People v. Ranger* (Oct. 9, 2013, B242414) [nonpub. opn.].)

[2]     In a letter to the court, defendant waived his appearance at the hearing and expressly requested that he not be transported from prison.

2

unrelated to that hospital stay or the victim's injuries were included in the material before the court. The matter was then submitted and the trial court entered a restitution order for $176,254.46.

Defendant failed to file a timely notice of appeal, and on March 7, 2014, filed a petition for writ of habeas corpus. We treated the petition as a request to file a belated notice of appeal and granted the request.

## DISCUSSION

## I.  Restitution order

Defendant contends that the trial court erroneously awarded restitution in the total amount billed by the victim's medical provider, and that the award should have been limited to $40,600, the amount allowed by the victim's insurance company as shown in the insurance company's explanation of benefits. Respondent agrees that the proper measure of compensation is not necessarily the entire amount billed by Huntington Hospital, but disagrees with the measure suggested by defendant and requests a remand for further evidence. We agree with respondent.

As relevant here, Penal Code section 1202.4 provides that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim . . . in an amount established by court order, based on the amount of loss claimed by the victim . . . or any other showing to the court. . . . The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so and states them on the record." (Pen. Code, § 1202.4, subd. (f); see Cal. Const., art. I, § 28(b).)

Although the trial court is vested with discretion in calculating the victim's economic loss, the "court must demonstrate a rational basis for its award, and ensure that the record is sufficient to permit meaningful review. The burden is on the party seeking restitution to provide an adequate factual basis for the claim." (*People v. Giordano* (2007) 42 Cal.4th 644, 664.) "Once the prosecution has made a prima facie showing of the victim's loss, 'the burden shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim.' [Citation.] [¶] On appeal, we review a

3

restitution award for abuse of discretion.  [Citations.]"  (*People v. Jessee* (2013) 222 Cal.App.4th 501, 506-507.)  A trial court abuses its discretion when the order rests upon a demonstrable error of law or its factual basis is unsupported by substantial evidence.  (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.)

A restitution order must fully compensate the victim without regard to potential reimbursement by the victim's insurance company.  (*People v. Duong* (2010) 180 Cal.App.4th 1533, 1537-1538 (*Duong*); see *People v. Birkett* (1999) 21 Cal.4th 226, 246.)  When treatment of the victim's injuries is covered by health insurance, the measure of compensation is not simply the amount billed by the medical providers, but the expenses actually paid by the victim or the insurance company on the victim's behalf and accepted by the medical providers as payment in full.  (*Duong*, *supra*, at pp. 1538-1539; *People v. Bergin* (2008) 167 Cal.App.4th 1166, 1170-1171.)

Defendant suggests that we modify the restitution order downward to $40,600.  He contends that the explanation of benefits can be construed as demonstrating that the hospital accepted $40,600, the amount allowed by the insurance company, as payment in full plus the victim's out-of-pocket expenses.  Defendant points out that the sum of the amount "previously paid by Health Net" ($38,640.02), plus the victim's coinsurance ($1,816.69) and copay ($250) equals the amount allowed; and further, that the explanation of benefits states that the sum of the coinsurance and co-pay ($2,066.69) is the total amount the "provider may bill [the insured]."

In general, an explanation of benefits provides substantial evidence of the amounts billed by the medical providers and the amounts the insurance company will pay under the victim's policy, but does not provide sufficient evidence that such amounts were accepted as payment in full by the medical providers.  (*Duong*, *supra*, 180 Cal.App.4th at pp. 1538-1539.)  Such is the case here.  Defendant's construction of the explanation of benefits would require that we make certain assumptions about the terms of the hospital's contract with the insurance company, the actual amount the medical providers accepted as payment in full, and the amounts actually paid or owing by the victim.  However, we do not reweigh or reinterpret the evidence; our task is solely to determine whether there

was a factual basis for the trial court's discretion, supported by substantial evidence and not resting on a demonstrable error of law. (*People v. Millard, supra*, 175 Cal.App.4th at p. 26.) The trial court ordered the full amount of the hospital bill based upon an erroneous measure of compensation and with insufficient admissible evidence to properly determine how much the medical providers accepted as payment in full or whether the victim remains liable for any part of that amount. We thus conclude the order must be vacated and a new restitution hearing must be held.

## II.  Assistance of counsel

Defendant contends that the restitution order must be reversed and the matter remanded for a new restitution hearing on the ground that his counsel rendered ineffective assistance, resulting in an erroneous order. As we have already determined that the order must be reversed, we need not reach this contention. (C.f. *People v. Reyes* (1997) 52 Cal.App.4th 975, 986 & fn. 8 [reversal of judgment moots ineffective assistance claim].)

## III.  Jury trial

Citing *Blakely v. Washington* (2004) 542 U.S. 296, and *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*), which require a jury determination of any facts which might increase criminal punishment beyond the prescribed statutory maximum, defendant contends that victim restitution is a form of punishment which may not be imposed absent a jury determination. Defendant also relies on *Southern Union Co. v. United States* (2012) 567 U.S. __ [132 S.Ct. 2344] (*Southern Union*), which held that the *Apprendi* rule applies to the imposition of criminal fines.

As defendant acknowledges, numerous courts of appeal have held that as direct victim restitution is not punishment, there is no right to a jury in restitution hearings, and that such hearings require fewer due process protections than civil or criminal trials. (See, e.g., *People v. Wasbotten* (2014) 225 Cal.App.4th 306, 308-309; *People v. Pangan* (2013) 213 Cal.App.4th 574, 585-586; *People v. Smith* (2011) 198 Cal.App.4th 415, 433; *People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1183-1184; *People v. Millard, supra*, 175 Cal.App.4th at p. 35.) Further, courts have held that orders for direct victim

restitution are not criminal fines, and have thus rejected efforts to apply the rule of *Southern Union* to extend the right of a jury trial to the imposition of criminal fines. (E.g., *People v. Wasbotten, supra*, at pp. 306, 308-309; *People v. Pangan, supra*, at pp. 585-586.) We also note that those federal circuit courts that have considered the issue have also held that *Southern Union* does not apply to direct victim restitution. (*United States v. Rosbottom* (5th Cir. 2014) 763 F.3d 408, 420, cert. den. (2015) __ U.S. __ [2015 U.S. LEXIS 166, 2015 U.S. LEXIS 577]; *United States v. Green* (9th Cir. 2013) 722 F.3d 1146, 1150-1151, cert. den. (2013) __ U.S. __ [134 S.Ct. 658, 187 L.Ed.2d 422, 2013 U.S. LEXIS 8201]; *United States v. Day* (4th Cir. 2012) 700 F.3d 713, 732, cert. den. (2013) __ U.S. __ [2013 U.S. LEXIS 3384]; *United States v. Wolfe* (7th Cir. 2012) 701 F.3d 1206, 1216-1217, cert. den. (2013) __ U.S. __ [2013 U.S. LEXIS 4416].)

Although the United States Supreme Court has not reached the issue of whether *Apprendi* applies to direct victim restitution, defendant suggests that *Southern Union* and some of the court's comments in other cases indicate that it is prepared to do so. (E.g., *Paroline v. United States* (2014) __ U.S. __ [134 S.Ct. 1710, 1726] ["primary goal of restitution is remedial or compensatory . . . but it also serves punitive purposes"]; *Pasquantino v. United States* (2005) 544 U.S. 349, 365 ["purpose of awarding restitution in this action is not to collect a foreign tax, but to mete out appropriate criminal punishment"]; *Kelly v. Robinson* (1986) 479 U.S. 36, 49, fn. 10 (*Kelly*) [restitution imposed as a condition of probation can be "an effective rehabilitative penalty"].)

We disagree and find persuasive the reasoning of the above-cited state and federal cases which have refused to extend *Southern Union* and *Apprendi* to direct victim restitution. Defendant will thus not have a jury trial on remand.

6

## DISPOSITION

The restitution order is vacated and the matter is remanded with directions to conduct a new restitution hearing consistent with the views expressed in this opinion.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
HOFFSTADT


7