Filed 11/24/20  P. v. Alcantara CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JORGE COLIN ALCANTARA,<br><br>    Defendant and Appellant. | D077148<br><br><br>(Super. Ct. No. SCN315462) |

APPEAL from an order of the Superior Court of San Diego County, Aaron H. Katz, Judge.  Affirmed.

Charles R. Khoury, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Kristen Ramirez, Deputy Attorneys General, for Plaintiff and Respondent.

This is an appeal from the trial court's decision not to recall the sentence under Penal Code[1] section 1170, subdivision (d) for the purpose of striking a serious felony prior conviction (§ 667, subd. (a)(1)).

In July 2013, Jorge Colin Alcantara pleaded guilty to attempted murder (§§ 187, subd. (a) & 664) as part of a plea agreement with a stipulated sentence. Alcantara admitted a serious felony prior conviction, a strike prior, and that he personally inflicted great bodily injury on the victim. The parties stipulated to an 18-year prison term, which was structured as the low term for attempted murder, doubled because of the prior strike for 10 years, plus five years for the serious felony prior, and three years for the great bodily injury enhancement. Alcantara did not appeal his sentence or seek a certificate of probable cause.

Alcantara contends the trial court did not understand the scope of its discretion and the case should be remanded to permit the court to exercise informed discretion.

The People's response does not address Alcantara's contention. Rather, it argues the conviction was final years before Senate Bill No. 1393 (2018-2018 Reg. Sess.) was enacted, effective January 1, 2019. The argument continues that Senate Bill No. 1393 does not apply to Alcantara's case because the judgment was final and that a recall of the sentence under section 1170, subdivision (d) does not reopen the judgment for purposes of retroactive changes in law.

We will disagree with Alcantara's claim the court was unaware of its discretion. The court understood its discretion and made a reasoned decision not to strike the prior conviction. We will decline to reach the People's argument in this case. The issue raised is before the Supreme Court

---

[1] All further statutory references are to the Penal Code.

2

(*People v. Federico* (2020) 50 Cal.App.5th 318, review granted Aug. 26, 2020, S263082), and the trial court refused to dismiss the prior. We will leave the question of the intersection of finality of judgments and recalling sentences under section 1170, subdivision (d) to another day.[2]

## DISCUSSION

### I

### Procedural Background

Alcantara pleaded guilty to attempted murder in 2013 and admitted a strike prior, a serious felony prior, and a great bodily injury enhancement. He was sentenced on December 10, 2013. He did not appeal; thus, his judgment became final no later than February 8, 2014. (*People v. Buycks* (2018) 5 Cal.5th 857, 876, fn. 5.)

In August 2019, the trial court received a letter from the California Department of Corrections and Rehabilitation (CDCR) recommending recall of Alcantara's sentence. Thereafter, Alcantara filed a motion to recall his sentence for the purposes of striking the serious felony prior. Following briefing and a hearing, the trial court denied Alcantara's motion.

### II

### Alcantara's Contention

Alcantara argues that the court did not understand that it had discretion to strike the prior conviction even though it was part of a stipulated sentence. Thus, Alcantara contends he is entitled to remand because the judge's misunderstanding is a "demonstrable error of law" that amounts to an abuse of discretion. (*People v. Duong* (2010) 180 Cal.App.4th 1533, 1537.) The difficulty with Alcantara's position is the court did believe it

---

[2] The facts of the underlying offense are not relevant to the analysis of the issues on this appeal. We will omit the traditional statement of facts.

3

had discretion to strike the prior. The parties all asserted the court had discretion and the court said earlier in the hearing, "The law has changed in that where that five-year sentence was mandatory, it is now within the discretion of the sentencing judge as to whether or not the five years needs to be imposed."

During the arguments that followed, the court noted this case involved a stipulated sentence where the five year prior was an integral part of the plea agreement. The court reviewed the plea and noted the sentence was what Alcantara's attorney felt comfortable with and the prosecution believed was appropriate. Ultimately, the court, aware of its discretion concluded it was "inappropriate" to modify the sentence in this case.

### III

### Analysis

We recognize the People contend the court did not have discretion because Senate Bill No. 1393 could not be applied to the long-final judgment in this case. Assuming, for sake of argument, the court did have such discretion, on the record before us, it is plain the court thought it had the discretion and undertook to exercise it. After much discussion and deliberation, the court concluded the sentence arrived at by the parties in this case was appropriate and should not be disturbed notwithstanding the letter from CDCR. Certainly, that decision is an exercise of discretion and well within the sentencing choices available to the court.

As we have previously noted, the People contend the law prevents such decision; however, here, the outcome is effectively the same in that the court declined to strike the prior. The Supreme Court has taken up the People's issue and will ultimately provide guidance. Therefore, we will affirm the

4

decision on the basis Alcantara has not demonstrated error and decline to discuss the People's contention.

## DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


IRION, J.