Filed 3/12/26  P. v. Dunham CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LINDSEY BROOKE DUNHAM,<br><br>        Defendant and Appellant. | A172041<br><br>(Del Norte County<br>Super. Ct. No. CRF22-9071) |

Defendant Lindsey Brooke Dunham pled guilty to theft by a public officer (Pen. Code, § 424, subd. (a))[1] and was sentenced to two years in state prison.  The trial court ordered her to pay restitution to the insurer of her public employer, the victim of her theft.  Dunham appeals from that restitution order, contending that the insurer is not a "direct victim" eligible for restitution under section 1202.4.  We agree and vacate the order.

## BACKGROUND

Dunham was the accounts manager for Smith River Community Services District (District), which "provides water service to approximately twenty-two hundred residents."  For roughly 22 months, she stole cash payments from those residents intended for the District.  Dunham pled guilty to theft by a public officer (§ 424, subd. (a)), and the trial court denied

---

[1] All further statutory references are to the Penal Code.

1

probation and sentenced her to two years in state prison.

At the restitution hearing, the District estimated that Dunham stole a total of $86,909.67. Because the District's insurer, Allied World Insurance Company (Allied), had already reimbursed the District for $85,909.67 of those losses—leaving the District responsible only for its $1,000 deductible—the People asked the trial court to order Dunham to pay $1,000 to the District and $85,909.67 to Allied. Dunham did not object to this request, and the court issued two restitution orders: one ordering her to pay $1,000 to the District (District restitution order) and one ordering her to pay $85,909.67 to Allied (Allied restitution order).

After we granted her motion for leave to file a belated notice of appeal, Dunham timely appealed.

## DISCUSSION

Dunham does not challenge the District restitution order or the total amount of restitution awarded by the trial court. Instead, she contends that the Allied restitution order should be reversed solely because Allied was not a "direct victim" of her crime as required by section 1202.4. (*Id.*, subd. (k)(2).) Reviewing that order for abuse of discretion (*People v. Gomez* (2023) 97 Cal.App.5th 111, 116), we agree.[2]

"[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (§ 1202.4, subd. (f).) As relevant here, "victim"

---

[2] Although Dunham did not object below to the award of restitution to Allied, she raises a "purely legal issue that is not subject to the waiver rule." (*People v. Percelle* (2005) 126 Cal.App.4th 164, 179.)

2

includes a "corporation . . . or any other legal or commercial entity when that entity is a *direct victim* of a crime." (§ 1202.4, subd. (k), italics added.) Thus, "[o]nly the 'direct victim' of a crime is entitled to restitution from the perpetrator of the offense." (*People v. Duong* (2010) 180 Cal.App.4th 1533, 1537 (*Duong*).)

In *People v. Birkett* (1999) 21 Cal.4th 226, 233 (*Birkett*),[3] the California Supreme Court defined " 'direct' victims" as "the real and immediate objects of the [defendant's] offenses . . . ." It then concluded that "[i]nsurance companies that suffered the consequences of crime only by reimbursing the crime-related losses of their policyholders [do] not reasonably fit within this definition." (*Ibid.*) As a result, restitution may not "be awarded to insurers that partially reimbursed the direct victims for their losses," and trial courts may not "divide the full amount of restitution between the victims and their insurers." (*Duong, supra*, 180 Cal.App.4th at p. 1537.)

Here, the People do not contend that Allied, as the District's insurer, falls within *Birkett*'s definition of a "direct victim." Nor could they reasonably do so. (See *Birkett, supra*, 21 Cal.4th at p. 245 ["an insurer did not become a 'direct victim' of crime, and thus entitled to restitution from the . . . offender, by paying the crime-related losses of its insured under the terms of an insurance policy"].) Instead, the People argue that allowing restitution to be awarded to an insurer likes Allied "reduces harm to the government agency and reduces costs to the agency's insurance provider." But our high court already rejected similar arguments in *Birkett*, because "the policy choice the *Legislature* made . . . was to grant only 'direct' crime victims . . . a right to

---

[3] Although *Birkett* construed former section 1203.4, both parties agree that it applies here. Our Courts of Appeal have also consistently applied *Birkett* when construing section 1202.4. (See, e.g., *Duong, supra*, 180 Cal.App.4th at p. 1537; *People v. Slattery* (2008) 167 Cal.App.4th 1091, 1097.)

restitution" and "foreclose such entitlement [to] persons whose losses arose only as a result of crimes committed against others." (*Id.* at p. 243.)

Accordingly, the trial court abused its discretion when it awarded restitution to Allied. (See *Duong*, *supra*, 180 Cal.App.4th at p. 1537 [" 'a restitution order "resting upon a ' "demonstrable error of law" ' constitutes an abuse of the court's discretion" ' "].) Instead, the court should have awarded the full restitution amount, including any amount awarded to Allied, to the District, the direct victim of Dunham's crime, notwithstanding any reimbursement it already received from Allied. (See *People v. Hove* (1999) 76 Cal.App.4th 1266, 1272 [insurance payments to the victim do not allow the "defendant to escape responsibility for the losses he caused"].) Because Dunham does not contest the amount of restitution or the District's entitlement to that amount on appeal, we vacate the Allied restitution order and remand the matter so the court can order full restitution to the correct victim under section 1202.4. (See *Duong*, at p. 1540 [remanding so the trial court can order restitution to the victim "for the amount that [the hospital] will accept as full payment for the medical services [the victim] received at" the hospital].)

## DISPOSITION

The Allied restitution order is vacated and the matter is remanded for entry of a new order consistent with this opinion.

CHOU, J.

WE CONCUR:



SIMONS, Acting P. J.

BURNS, J.



A172041/ *People v. Dunham*