Filed 7/26/24  In re A.M. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re A.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>A.M.,<br><br>    Defendant and Appellant. | G063128<br><br>(Super.  Ct.  No.  23DL0217)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Anthony C.  Ufland, Judge.  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E.  Winters, Chief Assistant Attorney General, Charles C.  Ragland, Assistant Attorney General, Eric A. Swenson and Monique Myers, Deputy Attorneys General, for Plaintiff and Respondent.

\*     \*     \*

A.M., a minor, appeals from a restitution order. On March 23, 2023, A.M. admitted to committing assault and battery against J.R. in violation of Penal Code sections 240 and 242. Following a restitution hearing, the juvenile court ordered, among other things, A.M. to pay restitution to J.R. in the amount of $4,681.66. The restitution amount included costs incurred by J.R. for missed work, wasted food, medical expenses, and acupuncture treatments.

On appeal, A.M. argues that the court abused its discretion in finding that J.R.'s acupuncture treatments were the result of A.M.'s conduct. A.M. also argues that the lack of advance notice of J.R.'s acupuncture treatments violated her due process rights. Lastly, A.M. argues that the court's reimbursement of medical expenses constitutes an impermissible windfall for J.R. As explained below, J.R. is entitled to the full costs of her reasonably calculated actual losses. The court correctly based its findings on substantial evidence, and A.M. had an adequate opportunity to dispute the evidence presented by the prosecution. Therefore, we find no abuse of discretion and affirm the court's order.

I

FACTS AND PROCEDURAL HISTORY

"[W]e state the evidence in the light most favorable to the judgment." (*People v. Marrero* (2021) 60 Cal.App.5th 896, 901.) The facts of this case are straightforward. On December 5, 2022, A.M. attacked J.R. at a Varsity Burger restaurant in Anaheim. As a result of the attack, J.R. sustained a minor head injury, as well as a strain of the neck and lumbar

2

muscles. On March 23, 2023, A.M. admitted the allegations of assault and battery that were brought by the Orange County District Attorney.

The court placed A.M. on probation pursuant to Welfare and Institutions Code section 725.[1] The Orange County Probation Department calculated restitution at $12,047.46, based primarily on the amount billed for J.R.'s hospital treatment. A.M. disputed this amount. The parties stipulated at the restitution hearing that J.R.'s medical expenses were $2,200. The parties also stipulated that J.R.'s health insurer had paid the $2,200 and was not seeking reimbursement from J.R.

When asked to describe her injuries at the restitution hearing, J.R. said that she experienced head and neck pain after being struck on the left side of her face. J.R. later testified that she began receiving weekly acupuncture treatments for her injuries following the attack. J.R. said that she had received "more than 30" treatments which cost $70 each. She said she received these treatments on her left side, all the way to her back. J.R. acknowledged that no medical professional ever recommended acupuncture to treat her injuries. J.R. provided neither the name of her acupuncturist, nor receipts for her treatments, because she had paid in cash and her acupuncturist did not offer receipts. Counsel for A.M. was only informed of the acupuncture treatments right before the hearing.

The court ordered A.M. to compensate J.R. $2,200 for medical expenses and $2,100 for acupuncture treatments. With J.R.'s other minor expenses included, the total restitution ordered amounted to $4,681.66. A.M. filed a timely appeal.

---

[1] Subsequent statutory references are to the Welfare and Institutions Code.

3

II

DISCUSSION

Section 730.6, subdivision (h) requires the court to order restitution to compensate the victim for a minor's criminal conduct. Restitution should "'fully reimburse the victim or victims for every determined economic loss incurred as the result of the [minor's] criminal conduct.'" (*People v. Giordano* (2007) 42 Cal.4th 644, 664.)  Orders of restitution are reviewed for an abuse of discretion by the court; however, "[n]o abuse of that discretion occurs as long as the determination of economic loss is reasonable, producing a nonarbitrary result." (*Id.* at p. 665.)  "The burden is on the party seeking restitution to provide an adequate factual basis for the claim." (*Id.* at p. 664.)

When evaluating whether there is a "'''''factual and rational basis'''''" for the trial court's findings, the appellate court determines if there is "'''''substantial evidence, contradicted or uncontradicted'''''" for those findings.  (*People v. Grundfor* (2019) 39 Cal.App.5th 22, 27.)  In reviewing restitution orders, we do "not reweigh the evidence or make credibility decisions." (*People v. Baudoin* (2022) 85 Cal.App.5th 1184, 1191.)  Nor will we not disturb either express or implied findings by the trial court, and when the evidence is conflicting, we assume the trial court found every fact necessary to support its order.  (See *Murray v. Superior Court of San Francisco* (1955) 44 Cal.2d 611, 619.)

The purpose of direct victim restitution is "to make the victim whole, rehabilitate the minor, and deter future delinquent behavior." (*Luis M. v. Superior Court* (2014) 59 Cal.4th 300, 305.)  Restitution is not meant to be a financial windfall for the victim; instead, restitution is meant to compensate a victim for their reasonably calculated actual loss.  (See

4

*People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172.)  A trial court may use any rational method of calculating restitution, including victim estimates, so long as it is reasonably calculated to make the victim whole. (*People v. Goulart* (1990) 224 Cal.App.3d 71, 83; *In re Brian S.* (1982) 130 Cal.App.3d 523, 531.)

A victim's insurer is not entitled to restitution, even when the insurer is the one "paying the crime-related losses of its insured under the terms of an insurance policy." (*People v. Birkett* (1999) 21 Cal.4th 226, 245.) "The third party may pursue its civil remedies against either the perpetrator or the victim; the possibility that the victim may receive a windfall . . . does not diminish the victim's right to receive restitution of the full amount of economic loss caused by the perpetrator's offense." (*People v. Duong* (2010) 180 Cal.App.4th 1533, 1537-1538 [victim was entitled to the costs of their medical treatment even though their insurer did not require repayment].) The purpose and policy goals of victim restitution "would be thwarted if a minor was relieved from responsibility for making her victims whole simply because the victims had been farsighted enough to purchase insurance." (*In re Brittany L.* (2002) 99 Cal.App.4th 1381, 1387.)

A.  *Restitution for Acupuncture Treatments*

There is substantial support in the evidence to infer that J.R.'s acupuncture treatments were the result of A.M.'s conduct.  Gaps are present in J.R.'s testimony.  When asked to describe her injuries, J.R. did not mention having any kind of ongoing pain which would necessitate acupuncture treatments.  Although J.R. testified that she was punched on the left side of her face, the same side where J.R. said she receives her acupuncture

treatments, J.R. did not offer further details about the specifics of her injuries or these treatments. Even so, when directly asked if she receives acupuncture for injuries caused by A.M., J.R. answered in the affirmative. Although it is possible to draw different inferences from the record, A.M. has the burden of demonstrating the trial court's inferences are not supported by substantial evidence. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) Merely pointing out where the record is vague or where conflicts exist in J.R.'s testimony is insufficient to overcome the presumption that the trial court found every fact necessary to support its order. (*Ibid.*)

In awarding J.R. restitution for her acupuncture treatments, the court implicitly found that J.R. (1) had enduring pain from the injuries she sustained following the altercation with A.M., and (2) acupuncture is an appropriate treatment for those injuries. J.R.'s medical record indicates that J.R. suffered sprains on her neck and her back, which lends support to the inference that J.R. had lasting pain after A.M.'s attack. The medical record, along with J.R.'s testimony, support the finding that J.R. received acupuncture treatments in the areas where she was injured. Furthermore, it was reasonable for the court to infer that J.R. would not have undergone acupuncture treatments unless it was an appropriate means of treating her injuries. After all, it would be unreasonable to find that J.R. choose to get acupuncture treatments for no reason at all. The trial court necessarily found J.R.'s testimony about her injuries and her treatment credible, and we will not disturb that finding. It is not dispositive that J.R. was unable to offer receipts or other documentation of her treatments because J.R.'s testimony alone may constitute substantial evidence. (See *People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1546 [victim's uncorroborated statement of

6

losses was substantial evidence].)  In sum, we conclude the evidence was sufficient to support the court's findings.

## B.  Due Process Violation

A.M. also argues that her lack of advance knowledge of J.R.'s acupuncture treatments violated her due process rights.  "The scope of a criminal defendant's due process rights at a hearing to determine the amount of restitution is very limited." (*People v. Cain* (2000) 82 Cal.App.4th 81, 86.) For due process to be satisfied, a defendant must have "a reasonable opportunity to be heard on the issue of restitution" and "'fundamental fairness must be assured.'" (*People v. Sandoval* (1989) 206 Cal.App.3d 1544, 1550.)  To raise the due process issue on appeal, however, counsel must make a "timely and specific objection," in the trial court, or the issue will generally be deemed forfeited on appeal.  (*People v. Blanco* (1992) 10 Cal.App.4th 1167, 1172; see *People v. Rogers* (1978) 21 Cal.3d 542, 548.)  A defendant may still argue on appeal that the court's admission of evidence had the additional "legal consequence of violating due process." (*People v. Partida* (2005) 37 Cal.4th 428, 431.)

Counsel for A.M. failed to make the contemporaneous objection required for the due process issue to be preserved on appeal.  In *People v. Partida, supra,* 37 Cal.4th at pages 431, 437, the court held that defense counsel does not have "to state every possible legal consequence of error merely to preserve a claim on appeal."  A.M., however, cannot raise a due process issue when none of the objections made during the hearing were germane to her current argument.  (*Id.* at pp. 437-438.)  While defense counsel did object to J.R.'s testimony on several grounds, including lack of

7

foundation, speculation, and hearsay, none of counsel's objections pertained to a lack of notice as to the acupuncture treatments. Because counsel for A.M. never raised the issue of notice, the court never had the opportunity to address the issue. The issue is therefore forfeited on appeal.

Even if the issue was properly before this court, counsel for A.M. was advised about the acupuncture treatments before the hearing, and counsel had the opportunity to question J.R. about these treatments. A.M. also admits that additional time to investigate J.R.'s claims "would not have provided meaningful opportunity whatsoever to contest the expenses." Nothing about the hearing was fundamentally unfair for A.M. Accordingly, we find no violation of A.M.'s due process rights.

## C. Restitution for Medical Expenses

Lastly, A.M. argues that awarding J.R. $2,200 for medical expenses when her health insurer was not demanding repayment constitutes an impermissible windfall for J.R. This argument is plainly without merit. The parties stipulated that the costs of J.R.'s medical expenses were $2,200 and that the costs were paid by J.R.'s health insurer. This amount is clearly awardable under section 730.6, subdivision (h)(1)(B). Courts have consistently found victims are entitled to restitution for medical expenses, even when the victim had no direct economic losses because their expenses were paid by their health insurer, and the victim could thus conceivably profit from restitution. (*People v. Hove* (1999) 76 Cal.App.4th 1266, 1272-1273 [defendant ordered to pay for the victim's medical expenses even though those expenses were fully paid by Medicare and Medi-Cal].) The fact that J.R.'s health insurer was not demanding repayment is immaterial. J.R. is

entitled to $2,200 for her medical expenses regardless of whether it constitutes a windfall.

## III

## DISPOSITION

The juvenile court's restitution order is affirmed.

MOORE, ACTING P. J.

WE CONCUR:

SANCHEZ, J.

DELANEY, J.